BERRÍOS, APPELLANT, *v.* REGISTRAR OF HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 327.—Decided July 26, 1917.

RECORD OF TITLE—SIGNATURES TO DEED.—The fact that a notary before whom an instrument is executed states at the end that the vendors not knowing how to sign, the witnesses, at their request, sign for them, and only one of them is shown to have signed the instrument, does not constitute a fatal defect and, therefore, the instrument is recordable.

The facts are stated in the opinion.
*Mr. Francisco González* for the appellant.
The respondent appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

On April 26, 1917, Santiago Montañez and his wife, Paula Sánchez, sold to José L. Berríos two rural properties situated in the district of Yabucoa, one of 60 acres of land segregated from another property recorded in the Registry of Property of Humacao and the other of 10 acres unrecorded. The contract was set out in a public instrument, the final paragraphs of which are as follows:

"The parties so declare and agree and the vendee signs. The vendors having expressed their inability to write, their names are

written at their request by Juan B. Sotomayor and Delfín Ruiz, witnesses to the instrument, of age and residents of this municipality, to whom as well as to the contracting parties I read this instrument after they had waived the right, of which I notified them, to read the same themselves, and finding the same correct, they approved it.

"I, the notary, certify that I know the witnesses and the parties to this public instrument, and that the parties agreed to all its contents.

"They sign as witnesses and for Santiago Montañez y Ramos and his wife, Paula Sánchez, at their request. (Signed) J. B. Sotomayor. (Signed) José L. Berríos. (Signed) Delfín Ruiz.

"Signed, marked and rubricated: Antonio Rodríguez, Notary Public."

The instrument having been presented in the registry, the registrar refused to record it. His decision, which is appealed from only as to the first ground thereof, reads, in so far as pertinent, as follows:

"Admission to record of this instrument is denied because it is not signed as stated therein, thus violating section 14 of the Act of March 8, 1906, regulating the practice of the notarial profession in Porto Rico; for, while it states that the witnesses sign for the vendors, it appears that only one of the witnesses signed for them, namely, Juan B. Sotomayor; and, furthermore, because the property of ten acres of land is not recorded in the names of the vendors * * *."

Although the instrument in question shows inexcusable carelessness on the part of the notary before whom it was executed, we are of the opinion that it is recordable nevertheless. Section 14 of the Notarial Law in force (Acts of 1906, p. 143), which has been construed by this court in the cases of *Rodríguez* v. *Registrar of Ponce*, 14 P. R. R. 715; *Villanueva et al.* v. *Registrar of Arecibo*, 18 P. R. R. 801, and *Banco Territorial* v. *Registrar of San Juan*, 22 P. R. R. 545, provides that—

"Should the parties to the instrument, or any of them, be unable to sign, the notary shall state the fact, and one of the witnesses

shall sign for the party, and such witness shall precede his signa-ture with the note in his own hand-writing that he signs for him-self and for the party, in the name of said party or parties."

In this case the notary stated that the vendors expressed their inability to sign, and in signing for them one of the witnesses preceded his signature with a note stating that he signed as witness and at the request of the vendors, giving their names. The confusion arises from the fact that the notary, in referring to the act of signing for the vendors, used the plural instead of the singular. The requirements of the law were complied with. The error committed by the notary does not vitiate the instrument. It merely serves as a striking illustration of the difficulties which the care-lessness of a notary in drawing up an instrument causes the parties.

The decision is reversed as to the part appealed from and the record of the property of 60 acres described in the instrument is ordered.

> *Reversed as to the part appealed from and record ordered.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.